1  Diana M. Torres (S.B.N. 162284)
   diana.torres@kirkland.com
2  KIRKLAND & ELLIS LLP
3  333 South Hope Street
   Los Angeles, California 90071
4  Telephone: (213) 680-8400

5  Counsel applying for admission *pro hac vice*:
6  Dale M. Cendali
   dale.cendali@kirkland.com
7  Shanti Sadtler
   shanti.sadtler@kirkland.com
8  KIRKLAND & ELLIS LLP
9  601 Lexington Avenue
   New York, New York 10022
10 Telephone: (212) 446-4800

11 Attorneys for Plaintiff SoulCycle Inc.

12

13            **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15 SOULCYCLE INC.,                    ) CASE NO.:  **'16CV1809 MMANLS**
                                      )
16            Plaintiff,              ) **COMPLAINT FOR FALSE**
17                                    ) **DESIGNATION OF ORIGIN,**
       vs.                            ) **TRADEMARK INFRINGEMENT,**
18                                    ) **UNFAIR COMPETITION, AND**
   THE COLOR RUN, LLC, D/B/A          ) **REFUSAL OF REGISTRATION**
19 SOUL POSE AND TCR IP               )
   HOLDINGS, LLC,                     )
20                                    ) **JURY TRIAL DEMANDED**
            Defendants.               )
21                                    )
22                                    )
                                      )
23 _____   )

24

25

26

27

28

---

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK**
**INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

## I.    INTRODUCTION

Plaintiff SoulCycle Inc. ("SoulCycle") brings this Complaint against The Color Run, LLC, d/b/a Soul Pose ("The Color Run") and TCR IP Holdings, LLC ("TCR IP Holdings") (collectively, "Defendants") for false designation of origin under federal law, trademark infringement under federal and state law, unfair competition under state law, and refusal of registration under federal law, and alleges as follows:

### NATURE OF THE CASE

1.    This case is about Defendants' attempt to trade off on the hard-earned goodwill of SoulCycle and its extensive family of SOUL and SOUL-formative marks. SoulCycle is a wildly popular fitness and lifestyle brand known for providing a high energy, community-based workout experience that features inspirational instructors and has been described as a "party on a bike."  Over the last decade, SoulCycle has established a loyal consumer base, which includes numerous celebrities and other notable figures, drawn to SoulCycle's innovative fitness model and brand. Defendants could have chosen virtually any name for its new yoga business, including a name similar to its existing mark THE COLOR RUN, under which it provides 5k running events.  Instead, Defendants chose to brand its "interactive party yoga" classes and related merchandise with the mark SOUL POSE, and also to use the mark SOULBAND (collectively, the "Infringing Marks"), in a transparent attempt to trade off the goodwill associated with SoulCycle's distinctive brand.

2.    Defendants' use of the term SOUL in connection with highly similar, and in some cases identical, goods and services as those sold by SoulCycle is likely to cause consumer confusion, mistake, and/or to deceive as to the source, origin, and/or association of its products and services.  In particular, consumers could easily believe that Defendants' SOUL POSE events, and their SOUL POSE and SOULBAND products, are offered or sponsored by SoulCycle, that Defendants' SOUL-branded events and products are otherwise affiliated with SoulCycle, or that SoulCycle has otherwise consented to Defendants' use of the Infringing Marks.

1

3.     For these reasons, and as explained further below, SoulCycle seeks permanent injunctive relief to stop Defendants' blatantly infringing activity, as well as monetary damages, to compensate SoulCycle for the harm it has suffered, is suffering, and will continue to suffer as a result of Defendants' infringement.

## II.   THE PARTIES

4.     SoulCycle is a Delaware corporation with a place of business at 609 Greenwich Street, New York, New York 10014.

5.     On information and belief, The Color Run is a Delaware corporation with a place of business at 12244 South Business Park Drive, Suite 100, Draper, Utah 84020.

6.     On information and belief, TCR IP Holdings is a Utah corporation with a place of business at 1957 South 400 West Salt Lake City, Utah 84104, which is affiliated with The Color Run.  On information and belief, TCR IP Holdings retains ownership rights to The Color Run's trademarks, including being the record owner of trademark applications for SOUL POSE filed with the United States Patent and Trademark Office.

7.     On information and belief, Defendants have transacted business within California, including by marketing and selling tickets to two SOUL POSE events in San Diego, California, which took place on July 9, 2016, and by selling SOUL POSE-branded merchandise at those events.  On information and belief, Defendants own, maintain, or otherwise control SOUL POSE-branded websites at <http://www.soulpose.com> (the "Soul Pose Website") and <http://store.soulpose.com> (the "Soul Pose Online Store") (collectively, the "Soul Pose Websites"), which are publicly available and accessible to consumers in California.  On information and belief, consumers in California (including in this district) have purchased, and may purchase, tickets to The Color Run's SOUL POSE events through the Soul Pose Website.  Moreover, upon information and belief,

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

1  consumers in California (including in this district) may purchase infringing products
2  through the Soul Pose Online Store.

3                                **JURISDICTION AND VENUE**

4        8.     This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et*
5  *seq.*, and the related law of the State of California.  This Court has jurisdiction over
6  the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331,
7  1338(a) and (b).  Because SoulCycle and Defendants are citizens of different states
8  and the matter in controversy exceeds $75,000 exclusive of interest and costs, this
9  Court also has diversity jurisdiction under 28 U.S.C. § 1332.  Further, this Court has
10 supplemental jurisdiction over SoulCycle's claims arising under the laws of the State
11 of California pursuant to 28 U.S.C. § 1367(a) because those claims are substantially
12 related to SoulCycle's federal claims.

13       9.     This Court has personal jurisdiction over Defendants and venue is proper
14 in this district pursuant to 28 U.S.C. § 1391(b) and (c).  On information and belief,
15 Defendants have had, and continue to have, regular and systematic contacts with the
16 State of California and with this judicial district by selling or offering products and
17 services for sale, and/or by conducting other business within this judicial district.
18 Defendants have also knowingly caused harm to SoulCycle, which has numerous
19 studio locations in California, and has otherwise conducted business in California
20 (including in this district).

21                              **GENERAL ALLEGATIONS**
22                        **SoulCycle and its Family of SOUL Marks**

23       10.    SoulCycle is a wildly popular fitness and lifestyle brand known for its
24 innovative indoor cycling studios that combine inspirational instructors and high-
25 energy music, as well as its widely popular line of clothing and related merchandise.
26 SoulCycle has a large, dedicated following, which includes many celebrities, business
27 leaders, social influencers and other notable figures.  SoulCycle has received
28 substantial press in the U.S. and in more than 70 other countries.

                                              3
**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK**
**INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

11.     SoulCycle first launched more than 10 years ago, in 2006, on the Upper West Side of New York City and expanded quickly thereafter.  In 2012, SoulCycle opened its first studio in California and since then, it has expanded to other large markets such as Houston, Boston, and Chicago.  SoulCycle currently operates 62 studios in 10 states and Washington, DC, including 17 studios in California.

12.     Moreover, the SoulCycle experience goes beyond its 62 studios.  The business has taken its unique experience on the road, offering SoulCycle classes in an event-type atmosphere and through high-profile collaborations with popular entities such as Target and Spotify (the latter collaboration taking place during the annual South by Southwest festival).  In fact, in the fall of 2014, SoulCycle participated in Oprah Winfrey's "The Life You Want Weekend," a motivational eight-city tour reaching more than 100,000 people.  As part of that tour, SoulCycle offered SOUL15, an energizing and motivational 15-minute cardio session designed to help audience members find joy in movement from their seats, inspired by a traditional SoulCycle class.  Notably, tour participants were given LED light bracelets and during the SOUL15 events these bracelets were synched to music, changing colors in unison. True to the signature SoulCycle class experience, participants moved together as a pack to the rhythm of the music in a dark setting.  Photographs of two of these events are shown below:



**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**



13.     Over the last decade, SoulCycle has established and developed a family of SOUL and SOUL-formative marks in connection with physical fitness services and numerous goods, including apparel and fitness-related products, among other goods and services.  SoulCycle's SOUL and SOUL-formative marks include, but are not limited to, SOULCYCLE, SOUL, SOULBANDS, SOULYOGA, SOULSURVIVOR, SOULTEEN, SUPERSOUL, FIND YOUR SOUL, SOULCHALLENGE, SOULSCHOLARSHIP, SOUL ETIQUETTE, SOUL101, SOUL15, SOUL STUDIOS, SOUL COMMUNITY, and SOUL TRANSFORMATION (collectively, the "SOUL Family of Marks").

14.     Throughout its history, SoulCycle has extensively used, and invested in, its SOUL Family of Marks, using a variety of SOUL marks in its studios, retail offerings, online, and in associated promotional materials.  For instance, SoulCycle's studios are prominently branded with the SOULCYCLE mark, as demonstrated in the following examples:

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18



19
20
21
22
23
24
25
26
27
28



**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

15.    SoulCycle's studios also prominently use other marks within SoulCycle's SOUL Family of Marks, such as the below example where SOUL appears in the windows of SoulCycle studios, and SOUL with the zip code of the studio appears on a wall inside the studio:





COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION

1
2
3
4
5
6
7
8
9



10
11
12

16.      Another example of SoulCycle's extensive use of its SOUL Family of Marks is the SOUL ETIQUETTE wall inside each of SoulCycle's studios, which sets out the rules that SoulCycle asks its customers to follow, as seen below:

13
14
15
16
17
18
19
20
21
22



23
24
25
26

17.      FIND YOUR SOUL is another mark within the SOUL Family of Marks that SoulCycle has prominently used, as indicated in the below photograph of one of SoulCycle's studios:

27
28

8

1
2
3
4
5
6
7



8  18.  Under the SOUL Family of Marks, SoulCycle offers various indoor

9  cycling classes and packages, as seen in the below list on SoulCycle's website

10  (<https://www.soul-cycle.com/about/soul-classes/>):

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

19.     SoulCycle's indoor cycling classes have been referred to by SoulCycle and others as a "party on a bike," as they are upbeat and use dance music to create a club-like atmosphere.  The classes also focus on the "energy of the pack" and create a strong community bond between riders.  The instructor rides on a raised platform, controls the music, and provides inspirational coaching.  An important part of SoulCycle's branding is that cycling classes are conducted in a darkened studio accented by candles.  Below is an example of how the studio and instructor's podium appears:



20.     SoulCycle has also offered yoga classes under the mark SOULYOGA, and another fitness class featuring resistance bands under the mark SOULBANDS, as seen in the below screenshot from an archived version of SoulCycle's website (red underlining added):

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**



21.     In addition to offering physical fitness and exercise services through its studios, SoulCycle sells a wide range of products, including clothing, bags, accessories, stationary exercise bicycles, and other merchandise.  For instance, SoulCycle first started offering apparel (among other merchandise) in 2006.  This aspect of its business has grown from selling SOULCYCLE-branded t-shirts and bandanas in its studios to designing and releasing at least 12 clothing collections per year, which are available for purchase in SoulCycle's studios and on its website at <https://www.soul-cycle.com/shop>.  The below image shows some examples of merchandise branded with the SOULCYCLE Mark:



22.     SoulCycle's retail collections also have stacked SOUL and CYCLE, as seen in the below examples:

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17      23.     In various other apparel and merchandise items, SoulCycle has used the

18  mark SOUL, as demonstrated in the below examples:

19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK**
**INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

1
2
3
4
5
6
7
8



9   24.   SoulCycle has used many other marks within the SOUL Family of Marks

10  on apparel and other merchandise, as seen in the below examples:

11
12
13
14
15
16
17
18
19

  

20  25.   In addition to developing common law rights through its use of the

21  SOUL Family of Marks, SoulCycle owns 24 federal trademark registrations for 12

22  distinct marks within the SOUL Family of Marks, as shown in the attached **Exhibit A**.

23  Copies of SoulCycle's registrations for these marks are attached as **Exhibit B**.

24  SoulCycle's portfolio of trademark registrations includes SOUL and **SꙨUL** in

25  connection with clothing (Reg. Nos. 4,829,066 and 4,829,056) and **SꙨUL** in

26  connection with exercise, fitness, fitness training, fitness classes, fitness instruction,

27  nutrition, health, wellness and personal development, among other services (Reg. No.

28  4,688,307).  By virtue of SoulCycle's long and continuous use, its registration for

14

SOULCYCLE for certain physical fitness services (Reg. No. 3,264,026) is incontestable, as is SoulCycle's registration for SOUL WATER for drinking water (Reg. No. 2,496,683).

26.     SoulCycle also is the owner of 17 pending applications to register 10 distinct trademarks that include the term "SOUL," as shown in the attached **Exhibit C**. These applications include SOUL in connection with certain additional clothing items (Ser. No. 86/104,495); SOUL in connection with various services related to physical fitness and exercise (Ser. No. 86/081,105); and SOUL in connection with various personal care products, such as shampoo, perfume, and make-up (Ser. No. 86/660,775).

27.     SoulCycle has established valuable trademark rights and goodwill in the SOUL Family of Marks by virtue of its long use and registration of such marks, the substantial promotional and marketing efforts under those marks, the expenditure of significant sums in advertising and promotional activities under those marks, the substantial sales of products and services offered under those marks, and third-party acclaim and attention.

28.     The products and services offered, sold, and advertised in connection with the SOUL Family of Marks have generated substantial revenues.

29.     Over the past decade, SoulCycle has invested heavily in its SOUL Family of Marks, including by promoting its products and services in various media and forms.

30.     SoulCycle and its SOUL Family of Marks have received extensive third-party acclaim, including being featured in national publications such as *Cosmopolitan*, *Vogue*, *New York Magazine*, *InStyle*, *The New York Times*, and *Time*, as well as on national television programs such as *The TODAY Show* and *Good Morning America*.

31.     As a result of the long and extensive use of the SOUL Family of Marks, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under those marks, the SOUL Family of Marks have achieved widespread

15

public exposure and recognition, such that consumers readily associate the SOUL Family of Marks with SoulCycle.

### Defendants' Infringement of the SOUL Family of Marks

32.     Since 2011, Defendants have organized 5k running events across the country under the name and mark THE COLOR RUN.  In connection with those events, Defendants also have used other COLOR-formative marks, such as COLOR 5k and COLOR DASH.

33.     In 2015, Defendants launched a new business offering physical fitness and exercise services and apparel.  Instead of continuing with their tradition of branding their businesses with a COLOR mark, Defendants chose to market their new business under the name and mark SOUL POSE.  In particular, Defendants market SOUL POSE as "an interactive party yoga, featuring blacklight, body paint, bubbles and fresh beats - all tied together with the Soul Band LED bracelet that's synced to the music and lights."  A copy of pages from the Soul Pose Website is attached as **Exhibit D**.

34.     Defendants also use SOULBAND as a mark, to identify the LED bracelet that participants wear during SOUL POSE yoga classes, which light up in different synchronized colors, similar to the LED bracelets used by participants during the SOUL15 events SoulCycle offered as part of Oprah Winfrey's "The Life You Want Weekend" tour.  The Soul Pose Website explains that "[t]he SOULBAND is designed for an immersive and connected yoga experience . . . ."  *See* **Exhibit D**.  Defendants' use of SOULBAND, in conjunction with SOUL POSE, exacerbates the likelihood of confusion, and suggests Defendants' intent to establish their own family of SOUL-formative marks, at the expense of SoulCycle.

35.     The Soul Pose Website uses the tagline "LIGHTS. MUSIC. YOGA.," and also features SOUL POSE branded apparel, as seen in the below screenshot and in **Exhibit D**.

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**



36.     Through the Soul Pose Website, consumers may find out about Soul Pose and also purchase tickets to Defendants' SOUL POSE yoga classes, which have taken place, and are scheduled to take place, in various cities in the United States, including in San Diego, California on July 9, 2016, and in the Bay Area in California on October 22, 2016.  *See* **Exhibit D**.

37.     The likelihood of confusion is further exacerbated by the fact that, through the Soul Pose Store and at Soul Pose events, Defendants sell various SOUL POSE-branded merchandise, including t-shirts, sweatshirts, yoga pants, headbands, sunglasses, towels, necklaces, and yoga equipment.  Attached as **Exhibit E** are pages from the Soul Pose Store, and below is an example screenshot:

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**



38.     As shown in the below examples, Defendants' SOUL POSE apparel is strikingly similar to apparel that SoulCycle has offered, indicating Defendants' intent to trade off on SoulCycle's hard-earned goodwill:

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

|  |  |
|---|---|
| **SoulCycle's Apparel** | **Defendants' Apparel** |





39.     On information and belief, Defendants' SOUL POSE events are frequently conducted in the dark, with neon lights as accents, and with the instructor appearing on a podium.  Defendants' SOUL POSE classes also feature upbeat music and attempt to create a "party" and community atmosphere that is inspirational for participants.

40.     On March 17, 2015, TCR IP Holdings filed an intent-to-use trademark application for SOUL POSE in Class 25 for "Clothing, namely, shirts, caps, hats, sweat shirts, sweat bands and headbands"; and in Class 41 for "Athletic and sport event services, namely, organizing, arranging and conducting yoga events; providing a

19

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

website featuring information on yoga and yoga events; providing online and electronic information in the fields of yoga and yoga events."  (Ser. No. 86/566,781.)

41.    On May 12, 2015, TCR IP Holdings filed an intent-to-use trademark application for SOUL POSE in Class 25 for "Clothing for athletic use, namely, shirts, caps, hats, sweat shirts, sweat bands, head bands"; and in Class 41 for "Athletic and sport event services, namely, organizing, arranging, and conducting running events and running competitions; providing a website featuring information on the sport of running and running events; providing online information in the fields of running and running events."  (Ser. No. 86/471,545 (collectively, along with Ser. No. 86/566,781, the "SOUL POSE Applications").)  TCR IP Holdings subsequently withdrew its application for SOUL POSE in connection with running events.

42.    Shortly after becoming aware of the SOUL POSE Applications, SoulCycle reached out to TCR IP Holdings in an effort to resolve SoulCycle's concerns amicably, but the parties have not been able to come to an agreement that would protect consumers from confusion and protect SoulCycle's brand.

43.    On November 9, 2015, SoulCycle filed a Notice of Opposition against the SOUL POSE Applications, on the basis that there was a likelihood of confusion between the SOUL POSE mark and SoulCycle's prior rights to its SOUL Family of Marks.  That opposition proceeding remains pending as of the filing of this Complaint.

44.    SoulCycle has not consented to Defendants' use or registration of the Infringing Marks.

45.    Upon information and belief, Defendants were aware of SoulCycle's prior rights in the SOUL Family of Marks before selecting and using the Infringing Marks, and thus Defendants have acted willfully with respect to SoulCycle's rights.

46.    If permitted to continue, Defendants' use of the Infringing Marks will damage and irreparably injure SoulCycle, the SOUL Family of Marks, and SoulCycle's reputation and goodwill associated with the SOUL Family of Marks.

Defendants should not be permitted to reap the benefits of SoulCycle's extensive efforts to build a valuable brand in its SOUL Family of Marks. Moreover, if allowed to continue its use of the Infringing Marks, Defendants may effectively limit SoulCycle's ability to offer yoga-related services and special events in the future.

47.    Defendants' use of the Infringing Marks also is detrimental to the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of Defendants' products and services. In particular, Defendants' use of the Infringing Marks is likely to cause confusion, mistake, and/or deception as to the source and/or origin, of Defendants' products and services and commercial activities, and is likely to falsely suggest a sponsorship, connection, license, and/or association of Defendants and/or their products and services with SoulCycle and/or its products and services.

## CLAIMS FOR RELIEF

### COUNT I

### False Designation of Origin (15 U.S.C. § 1125(a))

48.    SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

49.    Defendants' actions as alleged herein constitute a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

50.    The use of the Infringing Marks is likely to cause confusion and thus constitutes a false designation of origin, affiliation and/or sponsorship, and a false designation or representation that wrongfully and falsely designates Defendants' products as originating from the same source as those of SoulCycle, or being associated, affiliated or connected with or approved, or sponsored by SoulCycle.

51.    As a direct and proximate result of Defendants' wrongful acts, SoulCycle has suffered, is suffering, and will continue to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill. Defendants will continue to use, unless restrained, the Infringing Marks or other marks confusingly similar to the

SOUL Family of Marks and will cause irreparable damage to SoulCycle.  SoulCycle has no adequate remedy at law and is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin, affiliation or sponsorship.

**COUNT II**

**Trademark Infringement (15 U.S.C. § 1114)**

52.     SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

53.     Defendants' use of the Infringing Marks is likely to cause confusion and thus constitutes infringement of a registered mark in violation of 15 U.S.C. § 1114.

54.     As a direct and proximate result of Defendants' wrongful acts, SoulCycle has suffered, is suffering, and will continue to suffer and/or is likely to suffer damages to its business reputation and goodwill.  Defendants will continue to use, unless restrained, the confusingly similar Infringing Marks or other marks confusingly similar to the SOUL Family of Marks and will cause irreparable damage to SoulCycle. SoulCycle has no adequate remedy at law and is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

**COUNT III**

**Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)**

55.     SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

56.     By reason of the foregoing, Defendants have been, and are, engaged in unlawful and/or fraudulent business practices in violation of § 17200 *et seq.* of the California Business & Professional Code.  In particular, Defendants' use of the Infringing Marks is likely to cause confusion and is misleading in that it suggests that Defendants and/or their goods and services are associated, affiliated, connected with, or approved or sponsored by, SoulCycle.

22

57.   Defendants' acts complained of herein have damaged, is damaging, and will continue to damage SoulCycle irreparably.  SoulCycle has not only lost sales but has suffered damage to its goodwill and reputation in the marketplace that money cannot compensate.

## COUNT IV

### California Common Law Unfair Competition

58.   SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

59.   By reason of the foregoing, Defendants have been, and are, engaged in acts of unfair competition in violation of California common law.

60.   Defendants' acts complained of herein have damaged and will continue to damage SoulCycle both monetarily and irreparably through damage to SoulCycle's goodwill and reputation in the marketplace that money cannot compensate.

## COUNT V

### California Common Law Trademark Infringement

61.   SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

62.   Defendants' actions as alleged herein constitute trademark infringement in violation of California common law.

63.   The use of the Infringing Marks is likely to cause consumer confusion as to whether Defendants' products originate from SoulCycle or are associated, affiliated, or connected with or approved or sponsored by SoulCycle.

64.   As a direct and proximate result of Defendants' wrongful acts, SoulCycle has suffered, is suffering, and will continue to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue to use, unless restrained, the Infringing Marks and will cause irreparable damage to SoulCycle. SoulCycle has no adequate remedy at law and is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

Defendants, from engaging in further uses of the Infringing Marks, the SOUL Family of Marks, or any confusingly similar variations thereof.

**COUNT VI**

**Refusal of Registration Under 15 U.S.C. § 1052(d)**

65.   SoulCycle incorporates by reference all other paragraphs contained in this Complaint.

66.   SoulCycle's rights in and to the SOUL Family of Marks developed long prior to any use of the Infringing Marks by Defendants.

67.   Defendants' use of the SOUL POSE mark is likely to cause confusion or to cause mistake or to deceive consumers as to the affiliation, connection or association between Defendants and SoulCycle, and/or as to the origin, sponsorship or approval of Defendants' goods and services in violation of 15 U.S.C. § 1052(d).

68.   As a result of the foregoing, TCR IP Holdings' registration of the SOUL POSE mark, as reflected in the SOUL POSE Applications, is inconsistent with SoulCycle's rights in the SOUL Family of Marks, TCR IP Holdings is not entitled to register the SOUL POSE mark, and the SOUL POSE Applications should not proceed to registration, pursuant to 15 U.S.C. § 1119.

69.   As a direct and proximate result of Defendants' wrongful acts, SoulCycle has suffered, is suffering, and will continue to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue to use, unless restrained, the Infringing Marks and will cause irreparable damage to SoulCycle. SoulCycle has no adequate remedy at law and is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further uses, or registration, of the Infringing Marks, the SOUL Family of Marks, or any confusingly similar variations thereof.

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

# PRAYER FOR RELIEF

WHEREFORE, SoulCycle prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     A judgment in favor of SoulCycle and against Defendants on all counts;

B.     A permanent injunction from trademark infringement and unfair competition by Defendants as described herein;

C.     An order directing TCR IP Holdings to withdraw the SOUL POSE Applications;

D.     Damages in an amount to be determined at trial;

E.     Defendants' unjust enrichment and/or disgorgement of Defendants' profits;

F.     Trebling of damages for willful infringement and unfair competition;

G.     Exemplary and punitive damages (except as to relief for Cal. Bus. & Prof. § 17200 *et seq.*);

H.     Pre-judgment interest at the legally allowable rate on all amounts owed;

I.     Costs and expenses;

J.     Attorneys' fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

K.     Restitution; and

L.     Such other and further relief as this Court may deem just and proper.

## III.    DEMAND FOR JURY TRIAL

SoulCycle hereby demands a jury trial as to all issues that are so triable.

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

Dated: July 13, 2016                         Respectfully submitted,

                                             KIRKLAND & ELLIS LLP


                                             /s/  *Diana M. Torres*_____
                                             Attorney for Plaintiff
                                             Email: diana.torres@kirkland.com

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**